

**U.S. Department of Justice**
Criminal Division
*Fraud Section*

---

October 12, 2021

R E C E I V E D

NOV 0 2 2021

AT 8:30_____M
WILLIAM T. WALSH
CLERK

James Friedman, Esq.
James S. Friedman, LLC
P.O. Box 154
New Brunswick, NJ 08903

Jeffery L. Dummier, Esq.
Dummier Young, LLC
1400 21st Way South
Birmingham, AL 35206

Re:   **Plea Agreement with Travores Wills**
       **Criminal No. 20-839-03 (MAS)**

Dear Counsel:

This letter sets forth the plea agreement between your client, Travores Wills ("Wills"), and the Fraud Section, Criminal Division of the United States Department of Justice ("this Office"). This plea agreement will expire on October 19, 2021, if an executed copy is not returned to this Office on or before that date.

## Charges

Conditioned on the understandings specified below, this Office will accept a guilty plea from Wills to Counts 4 and 11 of the Indictment in *United States v. Salahaldeen, et al.*, No. 20-cr-839 (DNJ, filed Sept. 25, 2020), which charge Wills with (1) conspiracy to defraud the United States and pay and receive health care kickbacks in violation of 18 U.S.C. § 371, and (2) receipt of kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(1)(B) and 18 U.S.C. § 2.

If Wills enters a guilty plea and is sentenced on these charges, and otherwise fully complies with all of the terms of this agreement, this Office will move to dismiss Count 12 of the Indictment and will not initiate any further criminal charges against Wills for (1) from in or around 2018 through in or around September 2020, conspiring to defraud the United States and offer, pay, solicit, and receive health care kickbacks as related in the Indictment, and (2) from in or around May 2020 through June 2021, any conduct arising out of the billing of federal health care programs by Pulse Medical, LLC ("Pulse Medical"), which Wills owned and operated.

However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Wills agrees that any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Wills may be commenced against him, notwithstanding the expiration of the limitations period after Wills signs the agreement.

### Sentencing

The violation of 18 U.S.C. § 371 charged in Count 4 of the Indictment, to which Wills agrees to plead, carries a statutory maximum prison sentence of five years. The statutory maximum fine for this offense is the greatest of: (1) $250,000; (2) twice the gross amount of any pecuniary gain that any persons derived from the offense; or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense.

The violation of 42 U.S.C. § 1320a-7b(b)(1)(B) charged in Count 11 of the Indictment, to which Wills agrees to plead, carries a statutory maximum prison sentence of ten years. The statutory maximum fine for this offense is $100,000. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Wills is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551–3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum terms of imprisonment and the maximum statutory fines. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence Wills ultimately will receive.

Further, in addition to imposing any other penalty on Wills, the sentencing judge (1) will order Wills to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Wills to pay restitution pursuant to 18 U.S.C. § 3563(b)(2) or § 3583(d); (3) may order Wills, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture, pursuant to 18 U.S.C. § 982(a)(7); and (5) pursuant to 18 U.S.C. § 3583, may require Wills to serve a term of supervised release of not more than three years, which will begin at the expiration of any term of imprisonment imposed. Should Wills be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Wills may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

2

## Restitution Agreement

Wills agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying that offense, in the amount of $7,308,854, joint and several with his co-conspirators.

## Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Wills by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of (1) this agreement, and (2) the full nature and extent of activities and relevant conduct with respect to this case.

## Stipulations

This Office and Wills agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Wills from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

## Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Wills waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including, but not limited to, an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

3

## Forfeiture

As part of his acceptance of responsibility, and pursuant to 18 U.S.C. § 982(a)(7), Wills agrees to forfeit to the United States all of his right, title, and interest in all property the defendant obtained that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the conspiracy to pay and receive health care kickbacks in violation of 18 U.S.C. § 371, and the receipt of kickbacks in violation of 42 U.S.C. § 1320a-7b(b)(1)(B), as charged in the Indictment. Wills further agrees that the value of such property is $2,288,800; that one or more of the conditions set forth in 21 U.S.C. § 853(p) exists; and that the United States is therefore entitled to forfeit substitute assets equal to the value of the gross proceeds obtained by the defendant, in an amount not to exceed $2,288,800 (the "Money Judgment"). The defendant consents to the entry of an Order requiring the defendant to pay the Money Judgment and agrees that such Order will be final as to the defendant prior to sentencing, pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, and which may be satisfied in whole or in part with substitute assets.

All payments made in full or partial satisfaction of the Money Judgment shall be made by postal money order, bank, or certified check, made payable in this instance to the United States Marshals Service, indicating the defendant's name and case number on the face of the check; and shall be delivered to the United States Attorney's Office, District of New Jersey, Attn: Asset Forfeiture and Money Laundering Unit, 970 Broad Street, 7th Floor, Newark, New Jersey 07102. The defendant further agrees that upon entry of the Order, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate, or dispose of property sufficient to pay the Money Judgment in full or in connection with any petitions filed with regard to proceeds or substitute assets, including depositions, interrogatories, and requests for production of documents, and the issuance of subpoenas.

Wills waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant understands that criminal forfeiture is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. The defendant waives any and all constitutional, statutory, and other challenges to the forfeiture on any and all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment. It is further understood that any forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture.

Wills further agrees that on or before the date he enters his plea of guilty, he will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office. If Wills fails to provide a complete and accurate Financial Disclosure Statement by the date he enters his plea of guilty, or if this Office determines that Wills has intentionally failed to disclose assets on his Financial Disclosure Statement, Wills agrees that that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

## Immigration and Other Collateral Consequences

Wills understands that his conviction here may carry additional consequences under federal and state law, including the potential loss of the right to vote, right to carry a firearm, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields. The defendant further understands that, if he is not a native-born citizen of the United States, there may be adverse immigration consequences resulting from conviction. These include possible removal from the United States, denial of citizenship, denaturalization, denied admission to the United States in the future, and other possible consequences. The defendant nevertheless affirms that he chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction. Accordingly, the defendant waives any and all challenges to his guilty plea and to his sentence based on any immigration or other collateral consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration or other collateral consequences of his guilty plea.

## Exclusion from the Medicare Program and Other Health Care Programs

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

## Other Provisions

This agreement is limited to this Office and the United States Attorney's Office for the District of New Jersey, and cannot bind other federal, state, or local

authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Wills. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and the U.S. Department of Health and Human Services), or any third party from initiating or prosecuting any civil or administrative proceeding against Wills.

No provision of this agreement shall preclude Wills from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Wills received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the plea agreement between Wills and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

RACHAEL A. HONIG
Acting United States Attorney
District of New Jersey

JOSEPH S. BEEMSTERBOER
Acting Chief
Criminal Division, Fraud Section
U.S. Department of Justice

By: Rebecca Yuan
Gary A. Winters
Trial Attorneys
Criminal Division, Fraud Section
U.S. Department of Justice

6

I have received this letter from my attorneys, James Friedman and Jeffery Dummier. I have read it. My attorneys and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____                    Date: _Oct 18 2021_
Travores Wills


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____                    Date: _10|18|21_
James Friedman, Esq.

_____                    Date: _Oct 18th 2021_
Jeffery Dummier, Esq.

7

## Plea Agreement with Travores Wills

### Schedule A

This Office and Travores Wills ("Wills") recognize that the United States Sentencing Guidelines are not binding upon the Court. This Office and Wills nevertheless agree to the stipulations set forth herein, and agree that the Court should sentence Wills within the Guidelines range that results from the total Guidelines offense level set forth below. This Office and Wills further agree that neither party will argue for the imposition of a sentence outside the Guidelines range that results from the agreed total Guidelines offense level. The parties agree not to seek or argue for any upward or downward departure or adjustment not set forth herein.

1.    This Office and Wills agree to stipulate to the following facts:

a.    From in or around 2018 through in or around October 2019, in the District of New Jersey and elsewhere, Wills conspired with others to defraud the United States and to solicit, receive, offer, and pay illegal health care kickbacks and bribes in violation of 18 U.S.C. § 371, 42 U.S.C. § 1320a-7b(b), and 18 U.S.C. § 220.

b.    On or about July 5, 2019, in the District of New Jersey and elsewhere, Wills knowingly and willfully solicited and received remuneration, specifically, a kickback and bribe, in return for ordering and arranging for ordering a service for which payment was made under a Federal health care program, namely, Medicare, in violation of 42 U.S.C. § 1320a-7b(b)(1)(B) and 18 U.S.C. § 2.

c.    Medicare and Georgia Medicaid are each a "federal health care program," as defined in 42 U.S.C. § 1320a-7b(f). Medicare, Georgia Medicaid, and Commercial Insurer 1 are each a "health care benefit program," as defined in 18 U.S.C. §§ 24(b) and 220(e)(3).

d.    Wills, through Allergy Solutions System, LLC ("Allergy Solutions"), a company he owned and controlled, agreed to solicit and receive, and did receive, illegal kickbacks and bribes from Reyad Salahaldeen and Mohamad Mustafa in exchange for ordering and arranging for ordering medically unnecessary genetic tests that were billed to Medicare and Commercial Insurer 1 by laboratories Express Diagnostics, LLC ("Express Diagnostics") and BioConfirm Laboratories, LLC ("BioConfirm").

e.    Wills agreed to offer and pay, and did pay, illegal kickbacks and bribes to marketers who assisted in identifying and securing Medicare and Commercial Insurer 1 beneficiaries to provide DNA material for genetic tests that Wills referred to Express Diagnostics and BioConfirm.

8

f.      Wills arranged for and caused others to arrange for medical providers to approve the genetic testing orders referred to Express Diagnostics and BioConfirm.  These medical providers were not treating the Medicare and Commercial Insurer 1 beneficiaries and, in fact, had little or no contact with them.  Rather, the medical providers merely signed off on orders without consideration of medical necessity.

g.      Express Diagnostics and BioConfirm billed Medicare and Commercial Insurer 1 for genetic tests that Wills referred or caused to be referred to the laboratories.  Medicare and Commercial Insurer 1 paid the laboratories approximately $7,308,854 for these genetic tests.

h.      Express Diagnostics and BioConfirm paid Wills approximately $2,288,800 in exchange for the genetic test referrals that Wills delivered.

i.      In furtherance of the conspiracy, on or about July 5, 2019, Wills caused to be deposited to Allergy Solutions' bank account a check from Express Diagnostics in the approximate amount of $263,750, which represented an illegal kickback and bribe paid to Wills in exchange for ordering and arranging for ordering genetic tests for Express and BioConfirm.

j.      Wills owned and operated Pulse Medical from in or around May 2020 through in or around June 2021.  During that period, Wills submitted and caused to be submitted claims to Georgia Medicaid in the approximate amount of $3.5 million for genetic testing that was not eligible for reimbursement, and was paid the approximate amount of $2.2 million.  Wills operated Pulse Medical in contravention of his terms of pretrial release, under which he was prohibited from billing any federal health care program.

k.      The submission of claims by Pulse Medical and the receipt of payments from Georgia Medicaid constitutes relevant conduct under U.S.S.G. § 1B1.3(a)(1)(A).

2.      The guideline that applies to the charges in the Indictment under Title 18, United States Code, Section 371, and Title 42, United States Code, Section 1320a-7b(b)(1)(B), to which Wills is pleading guilty, is U.S.S.G. § 2B.4.1. Therefore, the base offense level is 8.

3.      The reasonable estimate of the value of the improper benefit conferred as a result of Wills' offenses is more than $9,500,000, but not more than $25,000,000, resulting in an increase of 20 levels.  *See* U.S.S.G. §§ 2B4.1(b)(1); 2B1.1(b)(1)(K).

4.      Accordingly, the Guidelines offense level is 28.

5.      As of the date of this letter, Wills has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offenses

charged. Therefore, a downward adjustment of two levels for acceptance of responsibility is appropriate if Wills' acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

6.    As of the date of this letter, Wills has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further one-point reduction in Wills' offense level pursuant to § 3E1.1(b) if the following conditions are met: (a) Wills enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Wills' acceptance of responsibility has continued through the date of sentencing and Wills therefore qualifies for a two-point reduction for acceptance of responsibility pursuant to § 3E1.1(a), and (c) Wills' offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

7.    The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein. The parties further agree that a sentence within the Guidelines range that results from the agreed total Guidelines offense level is reasonable.

8.    Wills knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from the agreed total Guidelines offense level of 25. This Office will not file any appeal, motion or writ which challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from the agreed total Guidelines offense level of 25. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

9.    Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.